**Appeal No. 19-4169**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JAMES B. WICKER,

*Plaintiff-Appellant*,

v.

BAYVIEW LOAN SERVICING, LLC and U.S. BANK, N.A.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Utah, Central Division
Honorable David Nuffer, Case No.: 4:19-cv-00088-DN

## MOTION FOR SANCTIONS

Robert H. Scott
Alan M. Hurst
AKERMAN LLP
170 South Main Street, Suite 725
Salt Lake City, Utah 84101
Telephone: (801) 907-6900
Facsimile: (801) 355-0294
Email: robert.scott@akerman.com
Email: alan.hurst@akerman.com

*Counsel for Defendants-Appellees Bayview Loan Servicing, LLC and U.S. Bank, N.A.*

Appellees Bayview Loan Servicing LLC and U.S. Bank N.A. move for sanctions against appellant James Wicker under Federal Rule of Appellate Procedure 38 and 10th Circuit Rule 46.5.

## INTRODUCTION

Mr. Wicker did not file his frivolous case innocently or by accident. He is participating in a broader campaign of abusive litigation perpetrated by his purported arbitrator, Robert Presley. He should be held responsible.

## LEGAL STANDARD

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (citation omitted). If an appeal is frivolous, the court's power to award "just damages" includes the power to award attorney fees. *Id.*

A party filing a brief certifies that, to the best of his knowledge after reasonable inquiry, "the issues presented are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." 10th Cir. Rule 46.5(B). If the Court decides the brief does not meet this standard, it may issue "an order to pay the other party or parties the

amount of the reasonable expenses incurred because of the filing of the paper, including reasonable attorney's fees." *Id.* 46.5(C)(4).

## ARGUMENT

### I.     The Appeal Is Frivolous

For the reasons explained in Bayview and U.S. Bank's brief, Mr. Wicker had no reasonable basis for an appeal. Clear Supreme Court precedent holds that the existence of an arbitration agreement is a question for a court, not an arbitrator. This doctrine has been confirmed by many circuits in many cases. (Appellee Br. 20–22.)  After Bayview and U.S. Bank cited these cases in their brief, Mr. Wicker did not acknowledge them, much less distinguish them. (*See* Reply.)

Mr. Wicker also had no plausible basis for claiming that Bayview or U.S. Bank entered an arbitration agreement. He maintains they had a duty to respond to his alleged letter, but he cites no authority for that duty, and no authority that breach of some duty to respond constitutes acceptance of an arbitration agreement. (*See* Reply 8–11.)  Ordinarily, the remedy for a breach of duty is damages.

### II.    Mr. Wicker Is Participating in a Campaign of Abusive Litigation

Mr. Wicker's is not the only suit involving a supposed arbitration award by Robert Presley and HMP Arbitration Association. In *Ehninger High v. Tarrant County Justice Court*, No. 4:19-mc-00019-O (N.D. Tex.), an applicant named

Sybil Joy Ehninger High moved to enforce a $2.9 million award issued by Presley and HMP against a pair of Texas state judges. (**EXHIBIT A**, Order of Dec. 26, at 1, 4.) Ms. Ehninger High notarized three of Mr. Wicker's proofs of mailing in this case, suggesting she and Wicker may be acquainted. (R071, R077, R079.)

The Northern District of Texas ordered the parties' counsel "to appear and be prepared to present evidence and information concerning the arbitrator's conduct." (EXHIBIT A at 7.) The court later ordered Mr. Presley himself "to appear to present evidence demonstrating the validity and legitimacy of the purported arbitration award filed in this matter, explain the nature of Healing My People Arbitration Association and HMP Arbitration Association, and explain his role in these entities." (**EXHIBIT B**, Order of January 9, at 3.)

Mr. Presley failed to appear, instead responding with a letter that begins as follows: "I am a private, American sovereign civilian, and not a U.S. citizen. I am on peaceful, friendly terms with the United States."[1] (**EXHIBIT C**, Presley filing of Feb. 12, at 1.) The letter refers to the district judge handling the case as an "Alien Enemy Agent," and it warns him that to take further action against Mr. Presley "is to commit war against the Constitution for the united [sic] States of America, the

---

[1] This statement and others suggest Mr. Presley is part of the Sovereign Citizen movement. The movement is profiled by the Anti-Defamation League here:

https://www.adl.org/sites/default/files/documents/assets/pdf/combating-hate/Sovereign-Citizen-Documentary-Identifiers.pdf

Republic, and treason against the Republic of the united [sic] States of America." (*Id.* at 4, 6 (emphasis removed).)  The court ordered Mr. Presley to appear for a contempt hearing, and Mr. Presley responded with a second letter similar to the first, purporting to "enter a default" against the judge hearing the case. (**EXHIBIT D**, Order of February 13, at 2; **EXHIBIT E**, Presley filing of March 3.)

Mr. Presley's organization "Healing My People" also responded to the January 9 order.  First it returned a copy of the order to the court after hand-writing "REJECTED NO CONTRACT" and "SPECIAL, PRIVATE PRIORITY" on every page.  (**EXHIBIT F**, HMP letter of Feb. 3.)  Then it filed a letter saying it "does not recognize this purported court as anything more than a private trading company masquerading as a court of law outside of the District of Columbia.  Members of HMP will not 'appear' in your 'purported court' for any reason, as our remedy is not visible in your enemy, rebel 'court'."  (**EXHIBIT G**, HMP letter of Feb. 6, at 1.)  It then accused the judge of bias because he and one of the defendants were both members of the state and county bar associations.  (*Id.* at 1–2.)

On the court's instructions, the defendants' counsel investigated further and identified seven additional cases involving Robert Presley and HMP (excluding the present case and *Ehninger High*):  (1) *Swanson v. Wilford*, 0:19-CV-117-DWF-LIB (D. Minn.); (2) *Orman v. Cent. Loan Admin. & Reporting*, 2:19-CV-4756-DWL (D. Ariz.); (3) *Vargas-Rios v. Guild Mortg. Co.*, 1:19-CV-1592-LJO-BAM

(E.D. Cal.); (4) *High v. KRH Realty LLC*, 4:19-MC-20-A (N.D. Tex.); (5) *In re Smith*, 4:19-mc-19-O (E.D. B.R. Ky.); (6) *Decormier v. Nationstar*, 3:19-mc-72-KAD (D. Conn.); and (7) *Decormier v. Nationstar Servicers, LLC*, 1:20-cv-00062-DAD-JLT (E.D. Cal.). Further information can be found on the docket of *Ehninger High v. Tarrant County Justice Court*, No. 4:19-mc-00019-O (N.D. Tex.), where the defendants' counsel and aggrieved parties have filed the results of their investigations into the scheme. *See, e.g.*, *id.* ECF Nos. 32, 35.

**III.    Mr. Wicker Can Be Sanctioned**

Bayview and U.S. Bank possess no direct evidence that, when Mr. Wicker filed this appeal, he was aware of Mr. Presley's conduct. Mr. Wicker may claim he had no idea; he was taken in; he genuinely believed Mr. Presley's methods were a legitimate way to resolve the claim he asserted.

Two pieces of indirect evidence give the lie to this argument. First there is the frivolousness of Mr. Wicker's contract theory. Mr. Wicker plainly does not care what the law is, or he would not claim Bayview and U.S. Bank accepted an arbitration agreement by ignoring his incomprehensible "SHOW OF CAUSE PROOF OF CLAIM DEMAND." (R058.)

Second, there are Mr. Presley's and HMP's filings in the Northern District of Texas, described above. Assuming Mr. Presley communicated with Mr. Wicker in similar language, then Mr. Wicker cannot reasonably have imagined Mr. Presley

was a legitimate arbitrator or HMP Arbitration a legitimate entity. Mr. Wicker either knew or should have known what he was dealing with.

It does not matter whether Mr. Wicker participated in Mr. Presley's scheme knowingly or just recklessly. Circuit Rule 46.5 requires "an inquiry reasonable under the circumstances," and Mr. Wicker either performed no such inquiry or did not care about its results. He should compensate Bayview and U.S. Bank for the damages he has inflicted by participating in Mr. Presley's abusive scheme.

## CONCLUSION

For the foregoing reasons, Bayview and U.S. Bank respectfully request an award of attorney fees and double costs against Mr. Wicker.

DATED this 25th day of March, 2020.

>/s/ Alan M. Hurst
>Robert H. Scott
>Alan M. Hurst
>
>*Counsel for Defendants-Appellees Bayview Loan Servicing, LLC and U.S. Bank, N.A.*
>
>AKERMAN LLP
>170 South Main Street, Suite 725
>Salt Lake City, Utah 84101
>(801) 907-6900
>robert.scott@akerman.com
>alan.hurst@akerman.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2020, I electronically filed the foregoing **MOTION FOR SANCTIONS** using the Court's CM/ECF system and sent 3 copies of the brief to the Clerk of the Court by Federal Express and two copies to Appellant via U.S. Mail:

*Via U.S. Mail Only*

James B. Wicker
2564 South 4390 West
Hurricane, Utah 84737
Email:  jwicker@hotmail.com

*Pro Se Plaintiff-Appellant*

                                            */s/ Alan M. Hurst*
                                            Robert H. Scott
                                            Alan M. Hurst

                                            *Counsel for Defendants-Appellees Bayview*
                                            *Loan Servicing, LLC and U.S. Bank, N.A.*

                                            AKERMAN LLP
                                            170 South Main Street, Suite 725
                                            Salt Lake City, Utah 84101
                                            robert.scott@akerman.com
                                            alan.hurst@akerman.com

## CERTIFICATE OF COMPLIANCE

This motion complies with the length limitation of Fed. R. App. P. 27(d)(2) because the brief contains 1,255 words as calculated by Microsoft Word.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the style requirements of Fed. R. App. P. 32(a)(6) because the motion has been prepared in proportionally spaced 14-point Times New Roman font in 2016 Microsoft Word.

DATED this 25th day of March, 2020.

*/s/ Alan M. Hurst*
Robert H. Scott
Alan M. Hurst

*Counsel for Defendants-Appellees Bayview Loan Servicing, LLC and U.S. Bank, N.A.*

AKERMAN LLP
170 South Main Street, Suite 725
Salt Lake City, Utah 84101
(801) 907-6900
robert.scott@akerman.com
alan.hurst@akerman.com

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing **APPELLEES' RESPONSE BRIEF** was submitted in Digital Form via the Court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with Cylance PROTECT, version 2.0.1494.39, and according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

DATED this 25th day of March, 2020.

                                           */s/ Alan M. Hurst*
                                           Robert H. Scott
                                           Alan M. Hurst

                                           *Counsel for Defendants-Appellees Bayview Loan Servicing, LLC and U.S. Bank, N.A.*

                                           AKERMAN LLP
                                           170 South Main Street, Suite 725
                                           Salt Lake City, Utah 84101
                                           (801) 907-6900
                                           robert.scott@akerman.com
                                           alan.hurst@akerman.com

# INDEX OF EXHIBITS TO MOTION FOR SANCTIONS
## Appeal No. 19-4169

| | |
|---|---|
| Exhibit A | Order of December 26, 2019, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |
| Exhibit B | Order of January 9, 2020, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |
| Exhibit C | Robert Presley Notice of February 12, 2020, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |
| Exhibit D | Order of February 13, 2020, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |
| Exhibit E | Robert Presley Notice of March 2, 2020, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |
| Exhibit F | HMP Letter of February 3, 2020, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |
| Exhibit G | HMP Letter of February 6, 2020, in *Ehninger High v. Tarrant County Justice Court* Case No. 4:19-mc-00019-O (N.D. Tex.) |