Appeal No. 19-4169

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

JAMES B. WICKER,
*Plaintiff-Appellant*,
v.
BAYVIEW LOAN SERVICING, LLC and U.S. BANK, N.A.,
*Defendants-Appellees*

On Appeal from the United States District Court
for the District of Utah, Central Division

Honorable David Nuffer, Case No.: 4:19-cv-00088-DN-PK

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SANCTIONS

### (ORAL ARGUMENT NOT REQUESTED)

James B. Wicker, Appellant Pro Per,
2564 S 4390 W
Hurricane, UT 84737
Phone: (435)703-9546
Email: jwicker@hotmail.com

Appellant James Wicker ("Wicker") hereby files opposition to Appellees Bayview Loan Servicing, LLC ("BLS") and U.S. Bank, N.A. ("USB") Motion for Sanctions under Federal Rule of Appellate Procedure 38 and the 10th Circuit Rule 46.5.

## INTRODUCTION

Wicker filed this present case according to 9 U.S. Code § 9, three months after BLS and USB confirmed the receipt of the Arbitration Award.

BLS acknowledged receipt of the award and entered the document into two (2) Courts, the Court of Common Pleas of Pennsylvania for Jefferson County Docket #516-2012-CD and the Pennsylvania Superior Court for the Western Division of Pennsylvania Docket #894-WDA-2019, within the Statute of Limitations, under 9 U.S. Code §12. BLS and USB failed to file any motion to vacate or modify the award in any Court under 9 U.S. Code §10 prior to the expiration of the Statute of Limitations and is barred from doing so, beyond that Statute of Limitations(90 days). There is no evidence that Wicker is or has participated in any campaign of abusive litigation. Mr. Wicker cannot be held responsible for the actions of others.

There is merit to this action, or BLS and USB would have already had the arbitration Award vacated in the proper Court, **before** the Statute of Limitations expired. This appeal was filed as a right. The issues presented are warranted by existing federal statute, 9 U.S. Code § 9.

# ARGUMENT

## *Wicker v Bayview, et al*

BLS references a supposed award, which is a physical document, dated and authenticated, timely received by BLS, entered in other courts by BLS, upon which BLS never filed a single motion to vacate in the Eastern District of California or anywhere else under 9 USC § 10. By default, BLS is estopped from opposition to confirmation of the award having accepted it until after the statute of limitations ran out under 9 USC § 12. By that fact alone, the award must be confirmed as provided in law, 9 USC § 9.

The references to case law made by BLS regarding, the Court making a determination of arbitrability and the contract, reference a case before the court ***prior*** to arbitration, where the Court refers a dispute to arbitration. The Supreme Court was very clear that the Court make that determination <u>*before referring a dispute to arbitration*</u>. The Supreme Court in the same ruling made the determination that the Courts may not review the determinations made by the arbitrators. If the validity and enforceability of the Contract and the arbitrability of the dispute were given to the arbitrator to decide, the Court may not second guess that determination of the arbitrator. In this case, the Court did not refer the dispute for Arbitration, the Plaintiff/Appellant requested and arranged for arbitration, and the Defendants/Appellees were noticed of the arbitration hearing.

BLS and USB failed to submit a defense or documentation for review, or attend the arbitration hearing. Upon receipt of the award, Defendants/Appellees BLS and USB failed to file to vacate the award under the causes set under 9 USC § 10. IF there was a cause as claimed by BLS, of an "inadequate" or "void" contract there were causes listed under 9 USC § 10 that *might* apply, but Defendants/Appellees failed to make any timely claims thereof.

Appellant did discuss in the Reply Brief the precedent of *Henry Schein, Inc. V. Archer & White Sales, Inc.* Supreme. Ct. (2019) in that the Supreme Court was referring to a Court making a determination of an arbitration agreement **before referring a dispute to an arbitrator** (on page 8). In this case at bar, the dispute was not referred to arbitration by *any* Court.

Wicker requested Arbitration directly to the arbitration service, consistent with the Contract upon default of Bayview. The validity of the contract and the arbitrability of the issues were determined by the Arbitrator, as defined and agreed within the Contract itself (Contract Page 9, Paragraph 10292). The Supreme Court has continuously determined that issues "once delegated by the parties to the Arbitrators, the Court has 'no business weighing the merits of the grievance'" *Henry Schein, Inc. V. Archer & White Sales, Inc.* Supreme. Ct. (2019), page 7.  The duty to respond to the Contract was clear within the contract itself as it was presented to an alleged creditor of a mortgage loan. As Appellee pointed out in the Motion for

Sanctions, the remedy for breach of duty is damages, which were awarded to Wicker by the Arbitrator against BLS and USB.

### *Sybil High v. Tarrant County Justice Court*

Wicker has no involvement or personal knowledge of the Texas case with *Sybil High v. Tarrant County Justice Court.* Wicker does not know Sybil High. Wicker has had no contact electronically; or otherwise with Sybil High. Wicker has never contacted or contracted with Sybil High. Ms. High appears to be a Notary, who sent a copy of a Notary presentment with documents to BLS and USB. Wicker has no personal knowledge of Mr. Presley other than having used and paid for services that were offered at the prescribed rate. Additionally, a mediator can practice in private settings in any state without being licensed, certified or listed. Wicker knows nothing of an abusive litigation campaign. Of All the citations re: Pressley and HMP, none of those cases are taken from the Court of Appeals. Robert Presley appears to be a witness in the case who has not yet appeared and is *not a party.* Counsel for BLS and USB has attempted to argue the *High* case in the Motion for Sanctions.

The arguments regarding the High case will not be argued herein because the cases are not related and Wicker does not know the facts in the case. From the docket, it appears the High case has since been ordered re-opened without determination as yet. and was not previously appealed. The other cases mentioned

are not in any way connected to Wicker. Wicker has no control or knowledge of any of these cases except from what is filed, in this case, by BLS.

Filing of an application for Confirmation of an Arbitration Award, after the three-month Statute of Limitations has expired, is not frivolous, and is warranted as instructed under federal law, 9 USC § 9.

If BLS believed there was cause to vacate the award, (as the Arbitrators determined, there was an arbitrable contract and that BLS defaulted,) BLS would have filed the motion timely under 9 USC § 10. Bayview attorneys were aware of the award, filed the award in other courts, and failed to file any timely motion to vacate the award for any reason allowed under the law. Filing the motion for sanctions is frivolous and without cause. Appellant Wicker filed the appeal as a right, is not an attorney, conformed all his filings as well as he understood under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

Wicker is in compliance of 10th Cir. Rule 46.5 and is not deserving of sanctions.

James B. Wicker, Appellant Pro Per,
2564 S 4390 W
Hurricane, UT 84737
Phone: (435)703-9546
Email: jwicker@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 6, April 2020, I sent two (2) copies of the **APPELLANT'S OPPOSITION TO APPELLEES'S MOTION FOR SANCTIONS TO:**

Bayview Loan Servicing, LLC and U.S Bank , NA

At LAW OFFICES OF AKERMAN LLP
Attorney for Respondents
Alan M. Hurst Esq and
Robert H. Scott Esq
170 S Main Street, Ste 725
Salt Lake City, UT 84101

Alan.hurst.@akerman.com
Robert.scott@akerman.com

Last known address/Email address, BY U.S.P.S Priority Mail Service

And copies of the same to:

THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Office of the Clerk
Byron White U..S Court House
1823 Stout Street
Denver, CO 80257

By U.S.P.S Priority Mail Service

                                                     James B. Wicker, Appellant Pro Se

JIM & BERYL WICKER
2564 S 4390 W
HURRICANE
UTAH 84737

The United States Court of Appeals
For The Tenth Circuit
Office of the Clerk
Byron White U.S. Court House
1823 Stout Street
Denver, CO 80257

**UNITED STATES POSTAL SERVICE.**   Retail

US POSTAGE PAID
$8.00
Origin: 84737
04/06/20
4939440737-02

PRIORITY MAIL 2-DAY ®

0 Lb 2.10 Oz
1004

EXPECTED DELIVERY DAY: 04/08/20

SHIP TO:
DENVER CO 80257

USPS TRACKING® NUMBER