Appeal No. 19-4169

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

JAMES B. WICKER,
*Plaintiff-Appellant,*
v.
BAYVIEW LOAN SERVICING, LLC and U.S. BANK, N.A.,
*Defendants-Appellees*

On Appeal from the United States District Court
for the District of Utah, Central Division

Honorable David Nuffer, Case No.: 4:19-cv-00088-DN-PK

## APPELLANT'S SUR-REPLY TO APPELLEE'S REPLY TO APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SANCTIONS

**(ORAL ARGUMENT NOT REQUESTED)**

James B. Wicker, Appellant Pro Per,
2564 S 4390 W
Hurricane, UT 84737
Phone: (435)703-9546
Email: jwicker@hotmail.com

With the Court's permission, Appellant James Wicker ("Wicker") hereby requests to file Sur-reply to Appellees' Reply to Appellant's Opposition to Appellees Bayview Loan Servicing, LLC ("BLS") and U.S. Bank, N.A. ("USB") Motion for Sanctions under Federal Rule of Appellate Procedure 38 and the 10th Circuit Rule 46.5.

# INTRODUCTION

Wicker filed this present case according to 9 U.S. Code § 9, three months after BLS and USB confirmed the receipt of the Arbitration Award. Wicker has appealed the Dismissal with Prejudice by the Lower Court. The Appellant and Appellee briefs have been timely filed.

Appellees BLS and USB have since filed a Motion for Sanctions under 10 Cir. Rule 46.5. Appellant Wicker filed Objections to the Motion. Appellees BLS and USB brought certain questions in the Reply that require a response. Appellees have expanded upon issues of the arbitration agreement, as well as additional question regarding other parties. Appellant herein responds to these issues.

# ARGUMENTS

### *Sybil High / Robert Presley*

Sybil High appears to be the public Notary engaged by HMP, not Wicker, to present the subject HMP Award to the Appellees, BLS and USB. Wicker has never contacted or engaged Sybil High, and first saw the name "Sybil High" on the notarized affidavit of notary presentment of the award to the Appellees, BLS and USB.

Wicker does not know Robert Presley, who is a neutral party. Wicker had no known personal contact with Mr. Presley. The administrator for HMP Services, Robert Dale, was contracted for arbitration services through an application on the

HMP Services website on the internet and received the documents via email that were required for the arbitration to occur.

### The Contract

The Arbitrator already determined the Arbitration Agreement was valid, irrevocable, and enforceable in Paragraphs 47(a), (d), (e) and 52 (e) of the Award. There is no circumstance under which a Court in an action for confirmation of an Arbitration Award has the ability under law (9 U. S. Code § 9) and case law,[1] to

---

[1] "Confirmation is required *even in the face of erroneous findings of fact or misinterpretations of law.*" French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902, 906 (9th Cir.1986) (internal quotation marks omitted). *(emphasis added)*

"[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall St. Assocs., LLC v. Manet, Inc., 552 U.S. 576, 587 (2008) Henry Schein, Inc. v. Archer & White Sales, Inc. (U.S. Supr. Ct. 01/08/2019)

[3] As Felner v. Meritplan Ins. Co. (1970) 6 Cal. App. 3d 540, 543-544 [86 Cal. Rptr. 178], explains, " '[i]t is for the arbitrators to determine which issues were actually "necessary" to the ultimate decision. [Citation.] Likewise, any doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not for the court to resolve. [Citation.]' [Citations.] Since the issue ... was properly before the arbitrator for decision, the only questions for the superior court to consider in confirming or vacating the arbitration award were *whether there had been corruption or misconduct by the arbitrator* and whether the arbitrator had improperly conducted the hearing or *exceeded* his powers in making his award. [Citation.]" [18 Cal. App. 4th 437] *(emphasis added)*

"*A trial court* faced with a motion to vacate or modify an arbitration award *is limited to determining whether any of the very limited grounds for modification or vacatur exist.* It is well settled, both in Utah and in the federal courts, that the trial court may not substitute its judgment for that of the arbitrator, *nor may it*

second guess or adjudicate *de novo* any item of dispute put to the Arbitrator where the Arbitration Award shows or indicates that a determination was made by the Arbitrator on that item of dispute. The Honorable David Nuffer committed deliberate and prejudicial malfeasance by deciding on matters outside the jurisdiction of the court on the issues of the contract and arbitrability, of which the Supreme Court has continuously determined that "once delegated by the parties to an arbitrator, the court has 'No business (jurisdiction)' in deciding" *Henry Schein, Inc. v Archer & White Sales, Inc. (2019)*.

A claim or motion to vacate can only be via the jurisdiction of the Federal Arbitration Act (Hereinafter "F.A.A."), as noted: "'Respondents' Motion to Vacate the Arbitration Award,' could only be brought per statute under provisions of the F.A.A. and not the Federal Rules of Civil Procedure." (*See* Archer)

---

*modify or vacate an award because it disagrees with the arbitrator's assessment.* United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364, 370-71, 98 L.Ed.2d 286 (1987); see also Robinson & Wells, P.C. v. Warren, 669 P.2d 844, 847 (Utah 1983); Giannopulos v. Pappas, 80 Utah 442, 15 P.2d 353, 356 (1932) ("Ordinarily *a court has no authority to review the action of arbitrators to correct errors or to substitute its conclusion for that of the arbitrators....*"); Bivans, 174 P. at 1130 ("*[A]wards will not be disturbed on account of irregularities or informalities, or because the court does not agree with the award....*"). Further, "[c]ourts ... do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.... *If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined.*" Misco, 484 U.S. at 38, 108 S. Ct. at 370-71." First Options of Chicago v. Kaplan, __ U.S. __, ___, 115 S. Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). *(emphasis added)*

Congress intended the limited scope for vacatur to be in conjunction with the F.A.A. This court "must follow the Act as written and the Act requires the contract to be followed as written." Ibid. The lower court lacked the jurisdiction to challenge the agreement, the arbitration clause, the parties' intentions, and/or the application of the provisions as the parties elected to have an arbitrator make those determinations.

The contract between the parties as noted by the court began in February 11, 2008 documenting a prior relationship (*See* Award Paragraphs 47 (b), (c). An offer to change the terms of the agreement was made by BLS (Appellee), as is permitted "In response to one such offer, Wicker sent a document entitled, "Conditional acceptance …. of offer." There was an open account for a mortgage loan with an alleged outstanding balance, so there is a relationship, a duty to respond on the part of the parties. Yet, Wicker's contract was a performance contract per U.C.C. § 9-208 and "Restatement (Second/Third) of Contracts.

Defendants were required to answer questions as one required proof of debt (*See* FDCPA requirements), proof that "Bookkeeping Entry Credit," was the value and consideration agreed upon. The F.A.A. requires an agreement to contain both a commerce clause and an arbitration clause, which are present in the agreement.

Wicker operated on the principals of contract law, the "Performance Constitutes Assents," one of the principal exceptions of contract law. Neither

Appellee, BLS nor USB, claim it did not receive notice. On this, the lower Court committed reversable error.

The arbitration clause in the contract, between the parties, permits the arbitrator to issue an award in excess of $1,875,250.00, should the arbitrator determine violations of rights. The Appellee(s) admit to lending no money/value, and admit Appellees extorted a monthly payment, (which by their own admission), agreed it was not entitled to. Appellees had ample opportunity to provide a verified (legal definition for verified, is a record signed under penalty of perjury) accounting. Appellees were per contract and the FDCPA required to respond and refused, failed, defaulted and assented.

## CONCLUSION

There is merit to this action, or BLS and USB would have already had the arbitration Award vacated in the proper Court before the Statute of Limitations expired. This action for confirmation of the Arbitration Award and subsequent appeal was filed in "good faith" as a right. The confirmation of the Arbitration Award is warranted by existing federal statute, 9 U.S. Code § 9 of the F.A.A.

The Arbitrator was unknown to Wicker prior to the hearing, and is a neutral party. There is no evidence that Wicker knew either the Arbitrator or the Notary. Wicker has denied involvement in any abusive litigation campaign in the filed Affidavit in Support of Response to Appellees Motion for Sanctions.

Appellees BLS and USB cannot change the fact that the statute of limitations in 9 U. S. Code § 12 has already run and expired. A statute of limitations is absolute and not a moving target.[2] BLS and USB had three months within which time to file a Motion to Vacate the Award under 9 U. S. Code § 10 for a determination by the U. S. District Court for the Eastern District of California Court if the award fit the causes to vacate as listed in the statute. BLS and USB cannot change the fact that they have waived any right to object to the award because they did not participate in the hearing. Prior to the expiration of the Statute of Limitations in U.S. Code 12, Appellees BLS and USB did not move to vacate the award to indicate to Wicker there was disagreement or rejection of the subject Award, and such failure waived any ability to do so thereafter.

In 1925 the FAA was signed into Law. Counsel had a three-month window under 9 U.S. Code § 12 to come forth with a valid Motion to Vacate per the Law, but failed to do so. Counsel is time-barred and any unprofessional attempts to muddy the waters with empty accusations and suppositions, places counsel in violation of the Law. Perhaps counsel feels above the Law to sway the court to do counsel's bidding by violations of the statute of limitations of 9 U.S. Code § 12.

---

[2] "The district court therefore granted Sundial's motion to dismiss on the basis that Createrra's motion to vacate was untimely, denied the motion to vacate, and summarily confirmed the arbitration awards." - in *Createrra, Inc. v. SUNDIAL, LLC*, 2013

We are a Nation of Laws and contrary to counsels' personal attacks, Appellant has the greatest respect for the Federal Court system. It is persons that pervert the Courts and Laws that do not hold the respect of Appellant. Counsel appears ignorant of the F.A.A., and anything put forth by Counsel on behalf of BLS and USB at this time in this case is beyond the statute of limitations of 9 U.S. Code § 12 and is therefore MOOT.

Wicker is in compliance of 10th Cir. Rule 46.5 and is not deserving of sanctions.

Respectfully submitted,

Date: 21 APR 2020

James B. Wicker, Appellant Pro Per,
2564 S 4390 W
Hurricane, UT 84737
Phone: (435)703-9546
Email: jwicker@hotmail.com

# CERTIFICATE OF SERVICE

**I hereby certify that on 22, April 2020, I sent two (2) copies of the APPELLANT'S SUR-REPLY TO APPELLEE'S REPLY TO APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR SANCTIONS TO:**

Bayview Loan Servicing, LLC and
U. S. Bank, N.A.,

at LAW OFFICES OF AKERMAN LLP
Attorney for Respondents
Alan M. Hurst Esq and
Robert H. Scott Esq
170 S Main Street, Ste 725
Salt Lake City, UT 84101
Alan.hurst@akerman.com
Robert.scott@akerman.com ,
the last known address/email address,
 by U.S.P.S. First Class Mail

and the Original document to:

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
Office of the Clerk
Byron White United States Court House
1823 Stout Street
Denver CO. 80257

By U.S.P.S Priority Mail


_____
James B. Wicker, Appellee Pro Se

JIM & BERYL WICKER
2564 S 4390 W
HURRICANE
UTAH 84737



U.S. POSTAGE PAID
PM 2-Day
HURRICANE, UT
84737
APR 22, 20
AMOUNT
**$8.00**
R2304M113325-09

1004    80257

United States Court of Appeals
For the Tenth Circuit
Office of the Clerk
Byron White United States Court House
1823 Stout Street
Denver, CO. 80257

Scanned by Marshal



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.com
Label 107, February 2006

EXPECTED DELIVERY DAY: 04/25/20

USPS TRACKING® NUMBER

