FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

January 27, 2021

Christopher M. Wolpert
Clerk of Court

───────────────────────────────

| | |
|---|---|
| JAMES B. WICKER,<br><br>    Petitioner - Appellant,<br><br>v.<br><br>BAYVIEW LOAN SERVICES, LLC; US BANK,<br><br>    Respondents - Appellees. | No. 19-4169<br>(D.C. No. 4:19-CV-00088-DN)<br>(D. Utah) |

───────────────────────────────

### ORDER AND JUDGMENT[*]

───────────────────────────────

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.

───────────────────────────────

James B. Wicker, appearing pro se, appeals the district court's order dismissing his application to confirm an arbitration award against Bayview Loan Servicing, LLC (Bayview) and U.S. Bank, N.A. (Bank). The court found that "the purported [arbitration] award is bogus because there was never an agreement to arbitrate, and . . . this action is therefore a farce." R. at 93. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

The parties are familiar with the facts and we repeat them only briefly. When Bayview and the Bank failed to respond to Mr. Wicker's "binding self-executing irrevocable [counteroffer]," R. at 58, which also contained scattered and incoherent mentions of arbitration, he proceeded to obtain a nearly $2 million arbitration award and then filed an application to confirm the award.

The district court, sua sponte,[1] entered an order dismissing Mr. Wicker's application on the grounds that "[t]he supposed 'arbitration agreement'" was never signed by either Bayview or the Bank. *Id.* at 93. The court rejected Mr. Wicker's theory that an "'agreement' [to arbitrate] arose based on [Bayview's and the Bank's] failure to respond to [the counteroffer]," *id.* (emphasis omitted), and determined that "[b]ecause arbitration is a matter of contract, and because the theory underlying the arbitration agreement put forward by Mr. Wicker here is unknown to the law of contracts, the purported award is an obvious sham and there can be no valid action based thereon." *Id.* at 94 (footnotes and internal quotation marks omitted).

Mr. Wicker filed a motion to reconsider, which was denied by the district court. This appeal followed.

II

Mr. Wicker's theory on appeal is that "[t]he Arbitrator determined there was a valid Arbitration Agreement within the Counter-Offer[,]" and "[t]he Court [therefore]

---

[1] We reject Mr. Wicker's baseless argument that the district court was required to issue an order to show cause before entering its order dismissing the application.

2

usurped the arbitrator's primary role in interpreting the Agreement when the Court stated there was no contract (Agreement) to arbitrate." Aplt. Opening Br. at 16. Mr. Wicker is mistaken.

"The issue of whether an arbitration agreement was formed between the parties must always be decided by a court, regardless of whether the alleged agreement contained a delegation clause or whether one of the parties specifically challenged such a clause." *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020), (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010)); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 69 n.1 (2010); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Not only does Mr. Wicker ignore caselaw that plainly establishes the court's authority to review whether the parties formed an agreement to arbitrate in the first instance, he fails to cite *any* authority that Bayview's and the Bank's failure to respond to the counteroffer created a contract. Because Mr. Wicker has not addressed the grounds for the district court's dismissal as required under Federal Rule of Appellate Procedure 28(a)(8)(A), the issue is waived. "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation and internal quotation marks omitted). Where, as here, issues "are not

3

adequately briefed," they "will be deemed waived." *Id.* at 841 (internal quotation marks omitted).

### III

We now turn to Bayview's and the Bank's motion for sanctions under Fed. R. App. P. 38. Mr. Wicker's pro se status does not shield him from the imposition of sanctions. *See Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir. 1986). Under Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (rehearing en banc) (internal quotation marks omitted).

Mr. Wicker's appeal is frivolous. He fails to acknowledge relevant legal precedent, much less distinguish it, and ignores the grounds on which the district court dismissed his application—his failure to establish a contract. As such, we award Bayview and the Bank double appellate costs. Pursuant to Fed. R. App. P. 39(d)(1), Bayview and the Bank must file within fourteen days an itemized and verified statement of their costs and proof of service with the clerk of this court.

### IV

The judgment of the district court is affirmed. We grant Bayview's and the Bank's motion for sanctions to the extent of double costs. We deny Mr. Wicker's

4

motion to file a sur-reply.

                                                Entered for the Court

                                                Allison H. Eid
                                                Circuit Judge